DECISION
This matter is before the court on Defendant's motion to dismiss (motion), filed April 30, 2009, as part of its Answer, requesting that the Complaint be dismissed. At issue are certain personal income matters for the 2007 tax year.
A case management conference was scheduled for July 30, 2009. Due to certain technical and logistic difficulties, the conference was not held. Instead, written materials were solicited by the court and submitted by the parties; the record closed September 17, 2009.
Defendant mailed its Notice of Proposed Adjustment and/or Distribution to Plaintiffs on September 25, 2008. It was followed by a Notice of Refund Denial on November 10, 2008. From that date, Plaintiffs had 90 days to appeal to this court. ORS 305.280.[1] Those appeal rights expired February 9, 2009. At that time, Defendant's Notice of Refund Denial became final. See ORS 305.280(2). Plaintiffs' Complaint was mailed to this court on February 14, 2009. Plaintiffs did not indicate why the appeal was filed late.
At all times, Plaintiff James Y. Chong (Plaintiff) has acknowledged that he postmarked the Complaint to the court more than 90 days after the date the Defendant's Notice became final. *Page 2 
The Regular Division of this court has issued an Opinion on this matter. In Webb v. Dept. of Revenue, 19 OTR 20, 21 (2006) it was held that: "* * * state statutes of limitation leave[] taxpayer no state remedy unless the department is estopped from asserting the bar of ORS314.415(1)(b)(A)."[2] Here, Plaintiff offers no probative evidence of misleading advice by Defendant prior to filing.
While this finding may appear unfair, it is consistent with other similar cases decided by this court. Tirrill v. Dept. of Rev., TC-MD No 040694A (Aug 9, 2004); Stubbs v. Dept. of Rev., TC-MD No 041047D (Mar 2, 2005); McDowell v. Dept. of Rev., TC-MD No 050812C at 2 (Nov 28, 2005) (citing ORS 305.280(2) and holding that taxpayer's appeal filed three days after the statutory deadline must be dismissed).
This court has no equitable authority to waive or modify the statutory deadlines. Because the Complaint was filed after the statutory deadline, the court must grant Defendant's motion.
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is dismissed.
Dated this ___day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on October16, 2009.
 The Court filed and entered this document on October 16, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] ORS 314.415(1)(b)(A) (2003) cited is essentially the same as ORS 314.415(2)(a) (2007), which states:
 "The Department may not allow or make a refund after three years from the time the return was filed, or two years from the time the tax * * * was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270." *Page 1